IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL JOHNSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MICHAEL MARTELL, Acting Warden,<br><br>　　　　Respondent.　　　　　　　　／ | No.　C 10-0840 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket no. 11) |

On February 26, 2010, Petitioner, a state prisoner incarcerated at Mule Creek State Prison, filed this pro se petition for a writ of habeas corpus pursuant to Title 28 U.S.C. § 2254. Respondent moves to dismiss the petition as duplicative of Petitioner's previously-filed habeas action, Case No. C 09-0409 CW (PR),[1] and also based on his failure to exhaust any of the claims. Petitioner has not filed an opposition.

For the reasons outlined below, the Court GRANTS Respondent's motion to dismiss.

BACKGROUND

The following background is taken from the Court's September 20, 2010 Order in Case No. C 09-0409 CW (PR):

> On October 25, 2006, Petitioner was sentenced to seventeen years in state prison for forcible rape. (Pet. at 2.)  In his direct appeal to the California court of appeal, Petitioner argued that the trial court: 1) violated his federal due process rights by admitting K. Doe's testimony about Petitioner's prior sexual assault and by permitting the use of a victim support person during the victim's testimony; and 2) violated California law by admitting the victim's 911 call to the police as a spontaneous statement and by admitting

---

[1] As noted below, the petition in Case No. C 09-0409 CW (PR) has since been dismissed without prejudice; therefore, the Court need not address Respondent's argument that the present petition is duplicative of his first federal habeas petition.

>     expert testimony on rape trauma syndrome.  (Resp.'s Ex.
>     A, Ct. of Appeal decision.)
>
>         The court of appeal affirmed the conviction, and
>     Petitioner sought review in the California Supreme
>     Court, where he claimed that the trial court:
>     1) violated his federal due process rights by admitting
>     K. Doe's testimony about a prior sexual assault
>     committed by Petitioner; and 2) violated California law
>     by admitting expert testimony on rape trauma syndrome.
>     (Resp.'s Ex. A, Petition for Review.)  The California
>     Supreme Court denied review on January 14, 2009.  (Pet.
>     at 5.)

(Sept. 20, 2010 Order in Case No. C 09-0409 CW (PR) at 2.)

On January 29, 2009, Petitioner filed his first federal habeas petition in this Court, challenging his 2006 conviction.  <u>See</u> Case No. C 09-0409 CW (PR).  At the time Respondent filed the present motion to dismiss the instant action, there was also a pending motion to dismiss -- based on failure to exhaust any of the claims -- filed by Respondent in Case No. C 09-0409 CW (PR).  Since then, the Court has granted that motion to dismiss in an Order dated September 20, 2010.  The Court had determined that the petition contained the following four claims:

>     1) ineffective assistance of counsel in violation of the
>     Sixth Amendment for failing to object to juror
>     misconduct involving the use of a laptop computer;
>     2) prosecutorial misconduct in violation of the
>     Fourteenth Amendment, based on the presentation of false
>     testimony and the use of a photograph taken five hours
>     after the police first arrived on the scene; 3) improper
>     admission of hearsay in violation of California Evidence
>     Code section 1240 by the admission of the victim's 911
>     call to police; and 4) improper admission of perjured
>     testimony of K. Doe in violation of the Fourteenth
>     Amendment.

(Sept. 20, 2010 Order in Case No. C 09-0409 CW (PR) at 3-4.)

Because none of the four claims was raised before the California Supreme Court, the Court found that "only unexhausted claims [were] raised in the federal habeas petition."  (<u>Id.</u> at 4.)  Therefore,

2

the Court granted the motion to dismiss and dismissed the petition as unexhausted.

On February 26, 2010, Petitioner filed the present petition in his second federal habeas action, which also challenges his 2006 conviction. It contains several claims, some of which are essentially the same claims as in the petition in his first habeas action. It is also unorganized and difficult to follow. From what the Court can decipher, the claims are: 1) improper admission at trial of "tainted" DNA evidence; 2) improper use of his prior convictions to enhance his sentence in violation of the Double Jeopardy Clause; 3) ineffective assistance of counsel; 4) juror misconduct involving the use of "lab-top [sic] computer notes brought into Court from home;" 5) prosecutorial misconduct based on the presentation of false testimony and the use of a photograph taken five hours after the police first arrived on the scene; and 6) improper admission of the victim's 911 call to police. (Pet. at 3-4.)

On August 18, 2010, Respondent filed the instant motion to dismiss. As mentioned above, Petitioner has not filed an opposition to the motion.

LEGAL STANDARD

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been

3

exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

## DISCUSSION

As mentioned previously, Petitioner only raised two claims before the California Supreme Court: 1) that the trial court erred in admitting testimony about a prior sexual assault; and 2) that the trial court erred in admitting prejudicial rape trauma syndrome evidence. Neither of these claims is in the current federal habeas petition. Moreover, because Petitioner has not filed an opposition and has failed to communicate with the Court since the motion to dismiss was filed, there is nothing in the record to show that he has attempted to exhaust any of his claims after his first federal habeas petition was dismissed as unexhausted. Thus, only unexhausted claims are raised in the present federal habeas petition. Therefore, the Court DISMISSES the petition because available state remedies have not been exhausted as to all claims. See Rose, 455 U.S. at 510; Guizar, 843 F.2d at 372. Accordingly, the Court GRANTS Respondent's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the present petition as unexhausted; the petition is hereby DISMISSED. This dismissal is without prejudice to Petitioner returning to state court to exhaust his state remedies and then filing a new federal habeas corpus petition. Should he do

4

so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded. The Court makes no ruling at this time on the issue of the timeliness of this claim in Petitioner's future federal petition.

Further, a certificate of appealability is DENIED. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall terminate all pending motions and shall enter judgment and close the file.

This Order terminates Docket no. 11.

IT IS SO ORDERED.

DATED: 3/29/2011

*/s/ Claudia Wilken*
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DARRELL JOHNSON,

    Plaintiff,

v.

ALAMEDA COUNTY COURT et al,

    Defendant.

Case Number: CV10-00840 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darrell Johnson F49735
C-11-222 Up
Mule Creek State Prison
P.O. Box 409060
Ione, CA 94640

Dated: March 29, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

6